James M. McCown
State Bar No. 00788002
Vassar, McCown, Dear & Sicotte, L.L.P.
15851 Dallas Parkway, Suite 525
Addison, Texas 75001
(972) 371-2411
jmccown@vmdslaw.com

ATTORNEYS FOR THE DALLAS MORNING NEWS, INC. AND NATALIE WALTERS

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: NORTHWEST SENIOR HOUSING CORPORATION, et al. | Chapter 11 |
| Debtors | Case No. 22-30659 (MVL) |
| _____ | |
| NORTHWEST SENIOR HOUSING CORPORATION, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 22-03040 (MVL) |
| INTERCITY INVESTMENT PROPERTIES, INC. and KONG CAPITAL, LLC, | |
| Defendants. | |

## NON-PARTY RESPONDENTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

TO THE HONORABLE COURT:

Natalie Walters ("Walters") and The Dallas Morning News, Inc. ("DMN") (collectively, "Respondents") oppose Plaintiff's Motion to Compel non-party discovery.

## INTRODUCTION

1. Respondents are media members from whom Plaintiff seeks either irrelevant information, or duplicative materials already obtained from Defendants. Federal Rules of Civil Procedure 26 and 45 and, separately, the First Amendment of the United States Constitution prohibit this discovery.

**NON-PARTY RESPONDENTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL – Page 1**

2. The "heart of Plaintiff's claims... [is] Defendants' disclosure or competitive use of its confidential information--in violation of an NDA…." (Motion at 2). Walters is business reporter for *The Dallas Morning News* newspaper. DMN owns and publishes *The Dallas Morning News*. Defendant Kong Capital, LLC ("Kong") and its public relations firm, The Monument Group ("TMG"), provided Walters with information about Plaintiff and its finances. From that, and other material Walters located, including from public sources, *The Dallas Morning News* published articles about Plaintiff. Plaintiff does not contest the articles' accuracy. It does not allege wrongdoing by DMN or Walters. Its claims are limited to the specific issue of whether Defendants' communications to Walters violated a nondisclosure agreement.

3. Kong and TMG produced documents in this case to Plaintiff.[1] To Respondents' knowledge, those entities produced all information disclosed to Walters. Plaintiff nevertheless pursues documents from DMN, whether or not received from Defendants and despite Defendants' production. (Motion EX. A). Plaintiff also requests Walters' deposition.[2] Respondents object to all of this discovery because it is irrelevant, disproportionate and/or overly broad, and any relevant information is duplicative of Defendants' production. Rules 26 and 45 preclude this discovery.

4. Separately, Respondents assert their First Amendment reporter's privilege--a privilege unique from other non-parties in this case. That privilege bars Plaintiff's discovery because, again, Plaintiff has obtained, or can obtain, all relevant information from Defendants. Whether analyzed under Rules 26, 45, or the First Amendment, Plaintiff may not burden Respondents with the irrelevant and duplicative discovery it seeks.

---

[1] Respondents include TMG's communications when referring to materials available from, and produced by, Defendants.

[2] Respondents object to that deposition request for the same reasons as DMN's objections to the document requests. Plaintiff and Respondents agree that their respective briefing applies to both the document requests to DMN and deposition request to Walters.

## LEGAL AUTHORITIES

5. Non-parties are afforded greater discovery protection than parties. *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018). Rule 45 protects non-parties from undue burden. FED. R. CIV. P. 45(d)(1). The value of the information requested must outweigh the non-party's burden. *Rotstain v. Trustmark Nat'l Bank*, 2020 U.S. Dist. LEXIS 262271, at *12 (N.D. Tex. Mar. 10, 2020). Burden is more than the time and expense of compliance. The information's relevance, the breadth of the requests, and the requesting party's need for the information, among other items, are part of the burden analysis. *Id*. (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)) (Motion at 5-6).

6. Rule 26(b) also protects non-parties from irrelevant and disproportionate discovery. *MetroPCS*, 327 F.R.D. at 610.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). This Rule's proportionality requirement is distinct from relevance. *Maes v. Lowe's Home Ctrs. LLC*, 2018 U.S. Dist. LEXIS 127147, at *16 (W.D. Tex. Feb. 9, 2018). Because non-parties have greater discovery protections, non-party status enhances proportionality protection. *MetroPCS*, 327 F.R.D. at 610.

7. Courts "***must limit***" discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C) (emphasis added); *McMullen v. Geico Indem. Co.*, 2015 U.S. Dist. LEXIS 63765 at *4 (S.D. Fla. May 13, 2015) (this limit on discovery is mandatory). Non-parties cannot be burdened with subpoenas for information the parties possess. *Centrix Fin.*

*Liquidating Tr. v. Nat'l Union Int'l Co. of Pittsburgh, P.A. (In re Centrix Fin., LLC)*, 2012 U.S. Dist. LEXIS 179131, at *14 (D.N.J. Dec. 18, 2012) ("To the extent communications have already been produced by [the debtor], such production . . . would be duplicative). *See also Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (discovery must be obtained from party opponent before burdening non-party); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty KSA."); *Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 n. 9 (M.D.N.C. 2002) ("the Court may first consider whether information should be obtained by direct discovery from a party").

8. In addition to Rules 26 and 45, the First Amendment protects Respondents from discovery. The United States Supreme Court adopted a qualified reporter's privilege in *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972). A First Amendment privilege is necessary because "without some protection for seeking out the news, freedom of the press could be eviscerated." *Id*. The paramount consideration is whether discovery would have a "chilling effect" on the flow of information to the media and the public. *Holland v. Centennial Homes, Inc.*, 1993 U.S. Dist. LEXIS 21624 at *16 (N.D. Tex. Dec. 21, 1993). The Northern District recognizes this reporter's privilege in civil cases. *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, *modified*, 628 F.2d 932 (5th Cir. 1980), *cert. denied*, 450 U.S. 1041, (1981). A party cannot obtain discovery from the media, particularly non-party media, unless it shows reasonable efforts to discover the information from alternative sources, and that no other source is available. *Miller*, 628 F.2d at 932; *Holland*, 1993 U.S. Dist. LEXIS 21624 at *12 ("*Miller* applies . . . even in non-libel suits where the reporter is a nonparty witness"). The privilege applies to nonconfidential sources. *Holland* at *6. In fact, the privilege's rationale is stronger for known sources rather than confidential sources. *Id.* at *15.

## ARGUMENT

**Information Beyond Defendants' Communications with DMN is Overly Broad, Irrelevant, and Disproportionate.**

9. "Defendants' disclosure or inappropriate use of any of Plaintiff's confidential information in violation of the NDA in connection with DMN's articles," is the relevant information at issue. (Motion at 6). Yet, the Subpoena seeks all material upon which DMN relied for the articles, even if not received from Defendants.[3] (Motion EX. A at 11-13). The first sixteen document requests are not limited to the articles at all. *Id*. This scope is far too broad for Plaintiff's claims. *Davis S R Aviation, LLC v. Rolls-Royce Deutschland*, 2011 U.S. Dist. LEXIS 137051 at *14 (W.D. Tex. Nov. 30, 2011) ("It is the party's responsibility to frame the requests properly on the front end."). Defendants were not DMN's sole sources. DMN's investigation and other sources, primarily publicly available data, do not relate to the information Defendants disclosed to DMN. Plaintiff asserts "a substantial need to evaluate all responsive materials in DMN's possession," (Motion at 6), but it does not support this conclusion. It does not explain how or why any information, other than Defendants' communications, is relevant to its claims. It does not, and cannot, explain how DMN's other source material reveal Defendants' disclosures. The Subpoena is unenforceable under Rules 26 and 45 because it seeks irrelevant, overly broad information.

10. Rules 26 and 45 also preclude discovery because Plaintiff does not need all information in DMN's possession. Under Plaintiff's specific allegations, i.e., whether Defendants improperly disclosed confidential information to DMN, Plaintiff's "need" for all information DMN obtained for the articles--whether or not from Defendants--is not "important" to the litigation. *See Rotstain*, 2020 U.S. Dist. LEXIS 262271, at *12. Plaintiff's lack of need does not outweigh DMN's burden in providing that information. All information on which DMN relied for the articles is

---

[3] Plaintiff also seeks drafts of the articles but none exist.

likewise disproportionate to the needs of the case because of its irrelevancy to Plaintiff's claims. Plaintiff's request for all documents relating to the articles should be denied under Rules 26 and 45.

**Defendants' Communications with DMN are Cumulative, Duplicative and not Discoverable.**

11.    Rules 26 and 45 preclude discovery of DMN and Defendants' communications because that information is unnecessary (from DMN), cumulative and duplicative. Rules 26(b)(1) and 45 bar discovery into unnecessary information. Rule 26(b)(2)(C) specifically bars cumulative and duplicative discovery. Defendants are the best source for information they disclosed and discussed with DMN. Plaintiff has that information from Defendants. (Motion at 4, n. 3) ("Kong produced 95 documents involving DMN, and the Monument Group produced 46 documents") (Plaintiff's Hearing Exhibits G, H and I). Despite this production, Plaintiff burdens DMN for the identical information that it received from Defendants. Rules 26 and 45 do not permit this result. *In re Centrix Fin., LLC*, 2012 U.S. Dist. LEXIS 179131 at *20 ("the Court finds AIG's subpoenas to be a fishing expedition which compels Everest to identify and produce information which is largely already available to AIG"); *Bagwell v. Rival Consumer Sales Corp.*, 2006 U.S. Dist. LEXIS 76929 at *8-9 (W.D. Tex. Sep. 15, 2006) ("Plaintiffs have failed to show that the information they seek from . . . a non-party, is only obtainable through [the non-party] rather than Defendants' designated corporate representative."); *see also* ¶ 7, above.

12.    It appears that Plaintiff seeks duplicative information from DMN to verify Defendants' production. (Motion at 3) ("it is critical for Plaintiff to confirm the details of DMN's interaction with Defendants"). This is improper non-party discovery. *See*, *e.g.*, *Rotstain*, 2020 U.S. Dist. LEXIS 262271 at *28 (and cases cited therein) (non-party discovery cannot be used to impeach a party's credibility or testimony). Moreover, DMN offered to list for Plaintiff the materials received from Defendants to ensure that Defendants' production was complete. Plaintiff declined that offer.

It instead harasses DMN with improper discovery rather than reducing DMN's burden. Rules 26(b)(2)(C) and 45 prevent this burden.

13. For the same reason, discovery of DMN's communications with Defendants is not proportional. Proportionality is a separate requirement from relevance and lack of burden. *Maes*, 2018 U.S. Dist. LEXIS 127147 at *16. While DMN's communications with Kong may be relevant, they are not proportional to the needs of the case. The proportionality considerations include a party's access to information, and whether the discovery burden outweighs the benefit. FED. R. CIV. P. 26(b)(1). This is particularly true with respect to non-party discovery. *MetroPCS*, 327 F.R.D. at 610. Plaintiff can access from Defendants the very information it seeks from DMN. Indeed, Defendants are the primary source for the information they disclosed to DMN. DMN's production of that same information is not proportional, and not discoverable, under Rule 26.

**Separately, Discovery from DMN is Protected by the First Amendment Reporter's Privilege.**

14. Plaintiff's discovery is also prohibited for a separate reason that is unique from other non-party discovery in this case. Respondents are media members. They have a First Amendment privilege. The Northern District recognizes a qualified media privilege in civil cases to protect the media from non-party discovery, including nonconfidential sources. *See* ¶ 8, above. The privilege arises because the "paramount interest served by the unrestricted flow of public information protected by the First Amendment outweighs the subordinate interest served by liberal discovery provisions." *Holland,* 1993 U.S. Dist. LEXIS 21624 at *9; *see also Loadholtz v. Fields*, 389 F. Supp. 1299 (M.D. Fla. 1975). Plaintiff cannot overcome this qualified privilege because it seeks information that is either irrelevant to its claims (all information on which DMN relied regardless of the source) or distinctly available from Defendants (Defendants' disclosures to DMN). *Porter v. Dauthier*, 2014 U.S. Dist. LEXIS 164819, at *13-14 (M.D. La. Nov. 25, 2014) ("any needed and relevant discovery as to this cause of action can be readily obtained by alternate means");

*Holland,* 1993 U.S. Dist. LEXIS 21624 at *6 ("private litigants ordinarily should not be permitted to use the news media as an investigative tool").

15. *Holland v. Centennial Homes, Inc.* illustrates the privilege's application. There, *The Dallas Morning News* interviewed lawsuit plaintiffs relating to their civil claims. The defendants subpoenaed audiotapes of those interviews. The reporter asserted her First Amendment privilege. The court quashed the subpoenas, holding that the First Amendment barred production of the audiotapes. Because the plaintiffs' identities were known, the defendants could obtain the discovery from the plaintiffs themselves. *Holland*, 1993 U.S. Dist. LEXIS 21624 at *18-19 ("Without some countervailing constitutional or compelling concern . . . the balancing process weighs heavily in favor of the reporter's qualified privilege.").

16. Plaintiff counters *Holland* with *United States v. Smith*, 135 F.3d 963, 971-72 (5th Cir. 1998). (Motion at 8). But *Smith* bolsters *Holland*. *Smith* was a criminal case. The reporter had evidence of a criminal act. The public's interest in law enforcement outweighed the First Amendment privilege. The Fifth Circuit distinguished this holding from civil cases:

> Because the public has much less of an interest in the outcome of civil litigation, in civil cases like *Miller* the interests of the press may weigh far more heavily in favor of some sort of privilege.

*Smith*, 135 F.3d 963 at 972. Plaintiff's attempt to avoid the reporter's privilege because Kong is a "known source" also backfires. (Motion at 8). A subpoena's adverse effect on the media is the dispositive factor, not a source's confidentiality. *Holland*, 1993 U.S. Dist. LEXIS 21624 at *19. This is particularly true here. Plaintiff knows Defendants' identities. It obtained from them the very discovery it seeks from DMN. That Plaintiff has, or can obtain, information from Defendants eliminates the need to impose a chilling effect on Respondents to obtain that information. *Id*. ("The press is not the investigative arm of civil litigants.").

17. Plaintiff cites *De La Paz v. Henry's Diner*, 946 F. Supp. 484 (N.D. Tex. 1996), claiming that the First Amendment privilege applies only to confidential sources. *De La Paz* primarily involved Texas state law claims. The court premised its holding, in part, on the then-absence of a Texas reporter's privilege. 946 F. Supp. at 485. Texas since passed the Texas Free Flow of Information Act ("Act"). TEX. CIV. PRAC. & REM. CODE § 22.022. A Texas journalist cannot be compelled to provide information absent a clear and specific showing of a variety of criteria, including that "all reasonable efforts have been exhausted to obtain the information from alternative sources." TEX. CIV. PRAC. & REM. CODE § 22.024. *De La Paz's* holding may not be applicable considering the current Texas Act. And the Act would bar Plaintiff's discovery from Respondents in a state court case. *Holland* applies that same rationale to civil cases in the Northern District. *See also Miller*, 628 F.2d at 632. The First Amendment privilege precludes Plaintiff's discovery.

18. If the Court concludes that the reporter's privilege does not, by itself, bar Plaintiff's discovery, the privilege is also a factor under Rule 26. *Apple Inc. v. Match Grp.*, 2021 U.S. Dist. LEXIS 161373, at *26 (N.D. Cal. Aug. 19, 2021) (subpoena that does not comply with First Amendment cannot be proportional to the needs of the case); *Holland*, 1993 U.S. Dist. LEXIS 21624 at *6 (instead of a qualified reporter's privilege, court may choose to limit discovery under Rule 26(b)). The First Amendment is yet another element that weighs against discovery under Rule 26.

**Rules 26, 45 and the First Amendment Also Bar Walters' Deposition.**

19. Plaintiff also requests Walters' individual deposition. *See* ¶ 3, above. For the same reasons set forth above, Rules 26, 45 and the First Amendment privilege bar Walters' deposition. *In re Evangeline Ref. Co.*, 890 F.2d 1312, 1320-21 (5th Cir. 1989) (court did not abuse discretion in quashing deposition that was "largely cumulative" of other discovery); *Rotstain*, 2020 U.S. Dist. LEXIS 262271 at *28 (N.D. Tex. Mar. 10, 2020).

**Respondents Alternatively Moves For Their Costs And Fees.**

20. In the event the Court allows discovery, Respondents move for their costs and fees incurred in complying with Plaintiff's requests. Rule 45(d)(1) requires a party to take reasonable steps to avoid undue burden and expense. The court "must" enforce this duty, including reasonable attorneys' fees, to avoid any burden. *Id.*; *Sprint Sols., Inc. v. Pac. Cellupage, Inc.*, 2015 U.S. Dist. LEXIS 187116, at *2-3 (C.D. Cal. Apr. 3, 2015) (there "is a special need to protect third parties" from subsidizing litigation).

Respectfully submitted,

VASSAR, McCOWN, DEAR & SICOTTE, L.L.P.
15851 Dallas Parkway, Suite 525
Addison, Texas 75001
(972) 371-2411
(972) 371-2410 – Telecopier


By: /s/ *Jim McCown*
    James M. McCown
    jmccown@vmdslaw.com
    State Bar No. 00788002

ATTORNEYS FOR NON-PARTIES NATALIE WALTERS AND THE DALLAS MORNING NEWS, INC.

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing document on all counsel of record through the Court's ECF system on October 14, 2022.

/s/ *Jim McCown*
James M. McCown